# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**MATTHEW JASPER,**
        **Plaintiff**

**v.**                   **Civil Action Number**
                        **1:06CV137-J**

**MICHAEL J. ASTRUE, Commissioner,**
 **Social Security Administration,**
        **Defendant**

## **MEMORANDUM OPINION**

   This matter is before the Court on plaintiff Matthew Jasper's request for review of the decision of the defendant Commissioner denying his claim to disability insurance benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

   Plaintiff filed his applications on February 17, 2004, alleging that he had been unable to engage in any substantial gainful employment since June 15, 2003. After a hearing, the Administrative Law Judge ("ALJ") determined that his periodic hypkalemic paralysis was a severe impairment that prevented him from performing any of his past relevant work. The ALJ further found that Mr. Jasper retained the residual functional capacity for substantially the full range of sedentary work.

   The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence

1

supports the decision of the Commissioner. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Jasper contends that the ALJ erred in failing to properly weigh the opinion of Dr. Miles, Mr. Jasper's treating physician. Dr. Miles explained that hypokalemia results in muscle weakness and that it has "led Matthew to have severe depression because of his inability to sustain work activity." Dr. Miles opined that Mr. Jasper would be unable to sustain work activity without missing significant time from work. Tr. 261.

In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to more weight if Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is

well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given controlling weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight. Rogers v. Commissioner of Social Security, __F.3d__, 2007 WL 1501302 at page 6 (6th Cir. May 24, 2007).

The ALJ recognized Dr. Miles' treating physician status, and he recognized that Dr. Miles had stated Mr. Jasper would be unable to work without missing "significant" time. However, the ALJ noted that Dr. Miles' records indicate only infrequent episodes of muscle weakness, and those occurred when Mr. Jasper did not take his medication. In March of 2004, Dr. Miles stated that Mr. Jasper had not experienced any paralysis in six months, although he had some episodes of weakness when he did not take his regular dose of potassium. Tr. 152. Similarly, Dr. Matthews, a kidney specialist, noted that Mr. Jasper's potassium levels had remained in the normal range while he was on Amiloride. Dr. Matthews opined that Mr. Jasper "probably does have a primary potassium renal leak which is responding to Amiloride." Tr. 157-158. Mr. Jasper's mother testified that during the nine months her son had been living with her, she had observed one of the episodes of paralyzing weakness. Tr. 292.

The Court finds no error in the ALJ's evaluation of the medical evidence. Substantial

evidence supports the ALJ's determination that the presumption of according a treating physician's opinion great weight had been effectively rebutted by Dr. Miles' office notes, by Mr. Jasper's own reports, and by other evidence. Accordingly, this Court must affirm the Commissioner's decision.